Thomas LEOUTSAKOS,
Plaintiff–Appellant,

v.

COLL'S HOSPITAL PHARMACY, INC.
and Healthcraft Products, Inc.,
Defendants–Appellees.

No. 02–1301.

United States Court of Appeals,
Federal Circuit.

DECIDED: Nov. 15, 2002.

Rehearing Denied Dec. 5, 2002.

Before CLEVENGER, RADER, and DYK Circuit Judges.

RADER, Circuit Judge.

Thomas Leoutsakos appeals a decision of the United States District Court for the District of New Hampshire granting summary judgment of non-infringement of U.S. Patent No. 5,400,450 ('450 patent) in favor of Coll's Hospital Pharmacy, Inc. and Healthcraft Products, Inc. (collectively Coll's). Leoutsakos also appeals the district court's denial of his motion to strike two affidavits supporting Coll's summary judgment motion. This court *affirms* the district court's decision.

## I.

The '450 patent relates to a bed rail device for assisting individuals with impaired mobility into and out of bed. Claim 1, the only independent claim, recites:

1. A manual support apparatus for use with a bed having a mattress portion, comprising:

a planar plate member;

a support tube having at least one leg;

at least one detachable tubular member having an internal bore for slidable receipt of said support tube leg; and

*detachable means to attach said tubular member to said plate member,*

wherein said plate member is placed under said mattress portion such that said tubular member is adjacent and substantially perpendicular to said mattress portion.

'450 patent, col. 6, II. 13–25 (emphasis added).

On July 27, 2000, Leoutsakos, the owner and named inventor of the '450 patent, filed suit alleging that a bed rail made by Coll's, known as the Smart–Rail, infringed the '450 patent. Coll's counterclaimed alleging that the '450 patent was invalid as obvious.

On January 17, 2002, the district court issued an order construing the meaning of "detachable means to attach" and granting summary judgment of non-infringement in favor of Coll's.[1] Specifically, the district court found that Coll's Smart–Rail device did not infringe the '450 patent because it used welding rather than a "detachable means to attach." The district court also denied Leoutsakos' motion to strike two affidavits in support of Coll's motion for summary judgment. The district court determined that the affidavit of John O'Brien, Vice–President of HealthCraft Products, Inc., did not contain objectionable hearsay and the affidavit of Steven Kot, a consultant to HealthCraft, was not irrelevant due to Mr. Kot's status as a Canadian patent attorney as Leoutsakos alleged. On appeal, Leoutsakos argues that the district court incorrectly construed the meaning of the "detachable means" limitation, failed to hold a Mark-

---

1. The district court found that "defendants' counterclaim of patent invalidity is moot" apparently because the counterclaim was effectively abandoned by the defendant (appellee).

Appellee agrees that the district court's Order disposed of all claims and "close[d] the case." (Appellee's Br. at 1.)

man hearing, and improperly denied his motion to strike the affidavits of Steven Kot and John O'Brien.

This court reviews without deference a district court's grant of summary judgment. *See Cortland Line Co., v. Orvis Co.,* 203 F.3d 1351, 1355 (Fed.Cir.2000). Whether the accused device contains each claim element exactly, as properly construed, or its equivalent, is a question of fact. *See Southwall Techs., Inc. v. Cardinal IG Co.,* 54 F.3d 1570, 1575, 34 USPQ2d 1673, 1676 (Fed.Cir.1995). In reviewing the district court's summary judgment in favor of Coll's, this court draws all reasonable inferences from the evidence in favor of non-movant Leoutsakos. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In reviewing non-patent evidentiary issues, this court applies the law of the circuit court in which the district court sits, in this case, the U.S. Court of Appeals for the First Circuit. The First Circuit reviews evidentiary rulings for an abuse of discretion. *Cavallaro v. United States,* 284 F.3d 236, 245 (1st Cir.2002).

■ The district court held that the meaning of "detachable means to attach" is the ordinary meaning of detachable attachment as opposed to permanent attachment. Both the written description and prosecution history support that interpretation. According to the written description, "detachable means to attach" such as bolts, pins, and clips allow removable attachment. '450 patent, col. 3, II. 47–50. In contrast, the written description teaches that welding is a fixed or permanent means of attachment. *Id.* at II. 53–55. Nothing in the prosecution history supports deviating from the ordinary meaning of detachable. Thus, this court holds that the district court correctly construed "detachable means to attach."

■ With regard to infringement under the doctrine of equivalents, the district court found that there is no genuine issue as to the substantial dissimilarity between detachably attaching parts, for example by bolts, pins, or clips, compared to permanently attaching parts by welding. Furthermore, the district court determined that prosecution history estoppel barred Leoutsakos' argument that permanent means of attachment, such as welding, are equivalent to detachable means of attachment. This court agrees. Claim 1 as originally filed included only "means to attach." In response to an obviousness rejection, Leoutsakos amended the claim by incorporating the "detachable" limitation from dependent application claim 7 into claim 1. Moreover, Leoutsakos argued that the prior art failed to teach or suggest detachable means for attaching. Because Leoutsakos narrowed claim 1 to recite "detachable means to attach" to overcome the prior art, the district court correctly held that Leoutsakos disclaimed permanent attaching means, such as welding, as equivalent to detachable attachment means. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 535 U.S. 722, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002). This court further holds that any failure by the district court to consider whether the "detachable means" limitation invoked 35 U.S.C. § 112, ¶ 6 (2000), is harmless error.

Leoutsakos also argues that the district court failed to hold a Markman hearing. Because this court has held that a district court may approach claim construction in any way it deems best, *see Ballard Med. Prods. v. Allegiance Healthcare Corp.,* 268 F.3d 1352, 1358 (Fed.Cir.2001), and Leoutsakos raised the issue for the first time on appeal, this court holds that the district court did not commit reversible error. Finally, regarding the district court's denial of his motion to strike the affidavits of Steven Kot and John O'Brien, this court

has considered Leoutsakos' arguments and have found them unpersuasive.

For the above reasons, the district court's decision granting Coll's motion for summary judgment of non-infringement and denying Leoutsakos's motion to strike the affidavits in support of Coll's motion for summary judgment is affirmed.